1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKEEM JARMER HUDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. VASQUEZCOY, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00861-EPG (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF Nos. 7) |

16   Plaintiff Ikeem Jarmer Hudson is civilly committed at the Metropolitan State Hospital
17 and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C.
18 § 1983. (ECF Nos. 1, 4). Plaintiff filed his complaint on May 28, 2021. (ECF No. 1). The Court
19 screened Plaintiff's complaint, concluding that only Plaintiff's excessive-force claim against
20 Defendant J. Vasquezcoy should proceed past screening. (ECF No. 5, p. 13).
21   The Court allowed Plaintiff to choose between proceeding only on the claim found
22 cognizable by the Court in the screening order, amending the complaint, or standing on the
23 complaint subject to the Court issuing findings and recommendations to a district judge
24 consistent with the screening order. (*Id.* at 13-14). On July 23, 2021, Plaintiff notified the Court
25 that he wants to proceed only on the claim found cognizable by the screening order. (ECF No.
26 7).
27   Plaintiff's notice to proceed on the claim that the Court found cognizable also requests
28 that the Court appoint counsel in this case: "I have a learning disability and I am confused on

1

how to proceed from here. Therefore, I am requesting that you appoint a lawyer." (*Id.* at 1). Because "[a] request for a court order must be made by motion," the Court construes the request as a motion to appoint counsel. Fed. R. Civ. P. 7(b)(1).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 7) is DENIED without prejudice.
IT IS SO ORDERED.

Dated:   **July 26, 2021**               /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE