UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKEEM JARMER HUDSON,<br><br>    Plaintiff,<br><br>v.<br><br>J. VASQUEZCOY, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00861-NONE-EPG (PC)<br><br>ORDER RE: MAILING OF THESE FINDINGS AND RECOMMENDATIONS<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO SERVE, PROSECUTE, COMPLY WITH THE COURT'S ORDERS, AND UPDATE THE COURT AS TO HIS MAILING ADDRESS<br><br>(ECF Nos. 3, 9, 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Plaintiff Ikeem Jarmer Hudson is (or was) civilly committed at the Metropolitan State Hospital and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 4). Plaintiff filed his complaint on May 28, 2021. (ECF No. 1). On June 24, 2021, the Court screened Plaintiff's complaint, concluding that Plaintiff stated one cognizable claim. (ECF No. 5, p. 13). However, despite ordering Plaintiff to complete and return documents necessary for service by approximately August 27, 2021, Plaintiff has failed to file anything. (ECF No. 9; *see* ECF No. 13). Moreover, Plaintiff has failed to keep the Court updated as to his current mailing address. (*See* ECF No. 3, p. 5). Because Plaintiff has failed to serve, prosecute this case, comply with the Court's orders, or keep the Court updated as to his current mailing address, the Court recommends dismissal of this case.

## I. BACKGROUND

Plaintiff's surviving claim from his complaint alleges that Defendant Vasquezcoy "choked [him] out" after Plaintiff was in handcuffs relating to an incident where Plaintiff was arguing with prison officials over an unsanitary mattress. (ECF No. 1, p. 3). On June 24, 2021, the Court screened Plaintiff's complaint, concluding that only Plaintiff's excessive-force claim against Defendant J. Vasquezcoy should proceed past screening. (ECF No. 5, p. 13). After Plaintiff filed a notice electing to proceed only on the claim that the Court found cognizable (ECF No. 7), the Court entered an order on July 26, 2021, directing the Clerk to send, and for Plaintiff to return within 30 days of service (around August 27, 2021) of the order, certain completed documents necessary to achieve service. (ECF No. 9).

More than 30 days passed, and Plaintiff failed to submit the required documents or otherwise respond to the Court's order. Accordingly, the Court entered an order on September 13, 2021, for Plaintiff to show cause within 21 days why this action should not be dismissed for failure to serve, failure to comply with this Court's order to provide service documents, and failure to prosecute. (ECF No. 13). Plaintiff was directed to file a written response, indicating whether he intends to pursue this action and explaining his failure to submit service documents by the required date. Alternatively, the Court noted that he may submit the required documents. Plaintiff was cautioned that failure to respond to this order could result in the dismissal of this action. More than 21 days have passed without Plaintiff filing anything.

Additionally, on September 29, 2021, there was a notification on the docket that this Court's show cause order was returned as undeliverable to the address that Plaintiff provided in his complaint.  Plaintiff has failed to update his address despite this Court's May 28, 2021 order requiring Plaintiff to do so. (ECF No. 3, p. 5 ("A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. Id.")).

///

## II.  ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . [and] [i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to respond to the Court's order to submit service documents, despite an order to show cause, is delaying this case and interfering with docket management. Without the service documents, the United States Marshals Service cannot serve Defendant Vasquezcoy and this case remains unable to progress. Plaintiff's failure to initiate service likewise implicates Federal Rule of Civil Procedure 4(m), which provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the 90-day period from service of the Court's July 26, 2021 order (ECF No. 9) is fast approaching—approximately October 25, 2021, with no information yet provided by Plaintiff for the U.S. Marshal to attempt service. *See Taylor v. San Bernardino Cty. Sheriff*, No. EDCV 09-404-MMM-MAN, 2010 WL 5563843, at *1 n.1 (C.D. Cal. Aug. 27, 2010), *report and recommendation adopted*, No. 09-00404-MMM-MAN, 2010 WL 5564049 (C.D. Cal. Dec. 31, 2010) (starting Rule 4(m) deadline (formerly 120 days) from the date of the court's order authorizing the U.S. Marshal to effect service of process on the plaintiff's behalf).

1   Therefore, the second factor weighs in favor of dismissal.

2       Additionally, under Local Rule 183(b), "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." While the deadline for Plaintiff to update his address has not yet passed, Plaintiff has still failed to comply with the Court's May 28, 2021 order to keep the Court informed of his address, which shows his willingness to disregard this Court's orders and demonstrates a lack of desire to prosecute this case. (ECF No. 3, p. 5).

    Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to serve, comply with court orders, prosecute this case, and keep his address current that is causing delay. Therefore, the third factor weighs in favor of dismissal.

    As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's status as an *in forma pauperis* litigant, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

    Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 642.

**III.   ORDER AND RECOMMENDATIONS**

    IT IS ORDERED that the Clerk of Court is respectfully directed to mail a copy of this order and findings and recommendations to the two addresses that Plaintiff has listed in this

case:

    1. 11401 Bloomfield Avenue Norwalk, CA 90650; and

    2. 11401 South Bloomfield Avenue Norwalk, CA 90650 Unit # 405[1]

Additionally, after weighing the factors regarding dismissal, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

    1. This case be dismissed, without prejudice, because of Plaintiff's failure to serve, prosecute, comply with the Court's orders, and update the Court as to his mailing address; and

    2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated: **October 13, 2021**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff listed his address as "11401 ~~South~~ Bloomfield Avenue Norwalk, CA 90650" in his complaint. (ECF No. 1) (strikethrough of "South" in original). He has also listed it as "11401 South Bloomfield Avenue Norwalk, CA 90650 Unit # 405," thus including "South," in his notice to proceed on the claim that the Court found cognizable. (ECF No. 7). The Clerk has docketed his address as "11401 South Bloomfield Avenue Norwalk, CA 90650," thus leaving in "South." Plaintiff has received mail as addressed by the Clerk given his filing of his notice to proceed on the claim found cognizable in the screening order. (ECF No. 7). In the abundance of caution, the Court will direct that this order be served on both iterations of the address, with and without the word "South."